**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NORMAN CRONEY,

                              Plaintiff,

        v.

                                                No. 9:23-CV-1188
D. RUSSELL; D. MYATT,                           (DNH/PJE)

                      Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

Norman Croney
16-A-0510
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

Attorney General for the               CHI-HSIN E. ENGELHART, ESQ.
State of New York                      Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for defendants

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

        Plaintiff pro se Norman Croney ("plaintiff"), an inmate who was, at all relevant

times, in the custody of the New York State Department of Corrections and Community

Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges

that defendants D. Russell and D. Myatt (collectively "defendants") violated his

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

constitutional rights under the First, Fourth, and Eighth Amendments by using excessive force, retaliating against him, and denying him privacy rights while he was incarcerated at the Clinton Correctional Facility ("Clinton CF"). *See* Dkt. No. 1 at 1-7. Presently before the Court is plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56. *See* Dkt. No. 37. Defendants oppose plaintiff's motion for summary judgment, arguing that (1) the motion is premature due to outstanding discovery; and (2) plaintiff failed to comply with the local rules. *See* Dkt. No. 39 at 1-3. For the following reasons, it is recommended that plaintiff's motion be denied.

## I. **Background**

On review of plaintiff's motion for summary judgment, the facts will be related in the light most favorable to defendants as the nonmoving parties. *See Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991) ("In assessing the record . . . to determine whether there is a genuine issue as to any material fact, the court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought.").

## II. **Legal Standards**

A motion for summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the absence of disputed material facts by citing to "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c). A fact is material if it "might affect the

outcome of the suit," as determined by the governing substantive law; a "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (citation omitted); *see Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "When ruling on a summary judgment motion, the district court . . . must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). Still, the nonmoving party cannot rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986) (citing *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985) (per curiam)); *see also Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) ("[M]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist.") (citation omitted).

The Second Circuit has explained,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they "suggest[.]" At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, or arguments that the w submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[]" . . . .

*See Treistman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam). (citations omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (citations and quotation marks omitted).

## III. **Discussion**

### A. **Defendants' Arguments**

Defendants state that "[t]o date, Plaintiff has not produced any discovery as required by the Court's Scheduling Order."  Dkt. No. 39-1 at 2, ¶11.  No facts or documents have been obtained and "no efforts have been made to obtain discovery."  Dkt. No. 39 at 2; Dkt. No. 39-1 at 3, ¶13.  Defendants argue that plaintiff's motion has "the practical effect of allowing no discovery at all."  Dkt. No. 39 at 2.  In support of their contentions, defense counsel submits a declaration[2] explaining that "[i]f granted the opportunity to conduct discovery, Defendants would attempt to learn at a minimum, through discovery and depositions, information about the nature of the Constitutional violation alleged by Plaintiff, efforts made by the Plaintiff to exhaust his administrative remedies, witnesses to either the alleged violation or his efforts at exhaustion, and information as to his injuries."  Dkt. No. 39-1 at 3, ¶14.  Defendants also argue that plaintiff's motion is premature because plaintiff filed his motion on June 10, 2024, thirty-nine days into the sixty-day window for plaintiff serve all discovery forming the basis of his complaint.  *See* Dkt. No.

---

[2] "A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)), showing: '(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'"  *Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13 (2d Cir. 2013) (summary order) (quoting *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995)).

39 at 2; Dkt. No. 32 at 1-3.  Additionally, defendants argue that plaintiff's motion failed to comply with the local rules because plaintiff did not include a Statement of Material Facts not in dispute as required by Local Rule 56.1.  *See* Dkt. 39 at 3.

### B.  **Analysis**

The undersigned agrees that plaintiff's motion for summary judgment is premature. Summary judgment is a "drastic device" and "should not be granted when there are major factual contentions in dispute[,] . . . particularly . . . when, as here, one party has yet to exercise its opportunities for pretrial discovery."  *Nat'l Life Ins. Co. v. Solomon*, 529 F.2d 59, 61 (2d Cir. 1975) (citations omitted).  A district court should only grant summary judgment "'[i]f after discovery, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Hellstrom v. U.S. Dep't of Veteran Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (quoting *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996)); *see Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.") (citation and internal quotation marks omitted).  "Only in the rarest of cases may summary judgement be granted against a [party] who has not been afforded the opportunity to conduct discovery."  *Hellstrom*, 201 F.3d at 97; *see also United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 139 n.21 (S.D.N.Y. 2015) (noting that "courts disfavor summary judgment motions made prior to the completion of discovery").  "When a party has not had *any* opportunity for discovery, summary judgment is generally premature."  *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) (citing *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996).

Here, "plaintiff has not presented any argument for 'why this is one of the 'rarest of cases' where summary judgement may be granted against a [party] who has not been afforded the opportunity to conduct discovery.'" *Verdi v. Win*, No. 9:22-CV-00825 (BKS/CFH), 2024 WL 4771307, at *8 (N.D.N.Y. Feb. 29, 2024) (quoting *King v. Wenderlich*, No. 14-CV-6491 (FPG), 2016 WL 4678998, at *2 (W.D.N.Y. Sept. 7, 2016) (quoting *Hellstrom*, 201 F.3d at 97)).[3]  "Thus, given that plaintiff filed his motion before the parties engaged in any discovery, the undersigned finds that plaintiff's motion for summary judgment is premature." *Verdi*, 2024 WL 4771307, at *8 (citing *Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 8 (N.D.N.Y. 2000) ("The Second Circuit has denied motions for summary judgment as premature in cases where nonmoving party did not have a fully adequate opportunity for discovery . . . at the time the moving party sought summary judgment.") (internal citation and quotation omitted)).    It is, therefore, recommended that plaintiff's motion for summary judgment be denied.

### C.  **N.D.N.Y. Local Rules 7.1 and 56.1**

N.D.N.Y Local Rule 7.1(b) provides that "all motion[s] . . . require a memorandum of law, supporting affidavit when necessary to establish and provide factual and procedural background relevant to the motion, and proof of service on all the parties." N.D.N.Y. L.R. 7.1(b).  Further, N.D.N.Y. Local Rule 56.1 requires a party moving for summary judgment to submit a "Statement of Material Facts."  N.D.N.Y. L.R. 56.1(a) (formerly N.D.N.Y. L.R. 7.1(a)(3)) ("Any motion for summary judgment shall contain a separate Statement of Material Facts.").  "The Statement of Material Facts shall set forth, in numbered paragraphs, a short and concise statement of each material fact about which

---

[3] The Court has provided plaintiff with copies of all unpublished cases cited within this Report-Recommendation and Order.

the moving party contends there exists no genuine issue." *Id.* "Each fact listed shall set forth a specific citation to the record where the fact is established." *Id.* "Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." *Id.*

"The Local Rules are not empty formalities . . . [they] serve to notify the parties of the factual support for their opponent's arguments . . . A party's failure to comply with these rules is fundamentally unfair to the opposing party." *Zimmerman v. Racette*, No. 9:17-CV-375 (LEK/CFH), 2022 WL 4328489, at *6 (N.D.N.Y. Sept. 19, 2022) (citing *Kilmer v. Flocar, Inc.*, 212 F.R.D. 66, 69 (N.D.N.Y. 2002)). This Court has denied a pro se party's motion for summary judgment based on the party's failure to file a Statement of Material Facts. *See Kilmer*, 212 F.R.D. at 69; *see, e.g., A'Gard v. Locke*, No. 9:14-CV-0613 (GTS/DEP), 2016 WL 8735653, at *4 (N.D.N.Y. June 24, 2016) (denying the pro se plaintiff's summary judgment motion because he did not include a Statement of Material Facts as the Local Rules required) (citing *Riley v. Town of Bethlehem*, 5 F. Supp. 2d 92, 93 (N.D.N.Y. 1998) (dismissing summary judgment motion based on moving party's failure to file a properly-supported Statement of Material Facts as required under the Local Rules)), *report and recommendation adopted*, 2016 WL 5137273 (N.D.N.Y. Sept. 21, 2016); *see Zimmerman*, 2022 WL 4328489, at *6 ("'Failure to submit a memorandum of law, standing alone, is sufficient cause for . . . denying a motion.'") (quoting *Lynch v. City of Little Falls*, No. 620-CV-0604, 2022 WL 773273, at *3 n.2 (N.D.N.Y. Mar. 14, 2022) (citation omitted)); *see also Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426-27 & n.4 (N.D.N.Y. 2009) ("As has often been recognized by both the Supreme Court and

Second Circuit, even pro se litigants must obey a district court's procedural rules.")
(collecting cases).

Here, plaintiff filed a document labeled "Motion for Summary Judgment" which
actually appears to be a Notice of Motion as it contains no arguments, facts, or support.
Dkt. No. 37 at 2.  Plaintiff also attached his declaration, a declaration from alleged fellow
inmate "Black Jewelz" and copies of grievances.  *See* Dkt. No. 37 at 3-10.  However,
plaintiff did not include a memorandum of law or Statement of Material Facts as required
under Local Rules 7.1(b) and 56(1)(a).  "This failure to comply with the Local Rules
constitute[] an independent basis on which the Court could deny plaintiff's motion."
*Johnson v. Mason*, No. 9:22-CV-00590 (MAD/CFH), 2023 WL 10365204, at *13 (N.D.N.Y.
Dec. 27, 2023), *report and recommendation adopted,* No. 9:22-CV-590 (MAD/CFH), 2024
WL 396679 (N.D.N.Y. Feb. 2, 2024) (citing *Cross v. State Farm Ins. Co.*, 926 F. Supp. 2d
436, 451 (N.D.N.Y. 2013) ("The failure of a moving party to file a properly supported Local
Rule 7.1 Statement of Material Facts is fatal to a summary judgment motion.") (citing
*Riley*, 5 F. Supp. 2d at 93)).  Although plaintiff is a pro se litigant and the Court will "make
reasonable allowances to protect [him] from inadvertent forfeiture of important rights
because of [his] lack of legal training," his pro se status does not relieve him of the
procedural requirements of the Local Rules.  *Caidor v. Onondaga Cnty.*, 517 F.3d 601,
605 (2d Cir. 2008) (citation omitted); *see McZorn v. Endicott Police Dep't*, No. 06-CV-33,
2008 WL 163581, at *2 (N.D.N.Y. Jan. 16, 2008).  "Although the undersigned is not
recommending dismissal solely due to this failure," *see* discussion *supra* Subsection III.
B, "plaintiff is advised that, going forward, his submissions must fully comply with the

Federal Rules of Civil Procedure and the Local Rules." *Johnson*, 2023 WL 10365204, at *13.

### IV. **Conclusion**

**WHEREFORE**, for the reasons set forth above, it is hereby:

**RECOMMENDED**, that plaintiff's motion for summary judgment (Dkt. No. 37) be **DENIED without prejudice**, and with opportunity to renew upon completion of discovery; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 87 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.[4]

Dated: February 25, 2025
        Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(C).